IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLY JOE FIARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-250-HE |
| | ) | |
| EVERETTE VAN HOESEN and | ) | |
| STEPHANIE BURKS, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

The present action arises under 42 U.S.C. § 1983. The Plaintiff is a state prisoner and must exhaust available administrative remedies on all of his federal claims before they can be entertained here. Mr. Fiarris failed to comply with this requirement, prompting the Defendants to move for dismissal.[1] The Plaintiff did not respond, and the Defendants requested an order treating the motion to dismiss as "confessed". The Court should grant the Defendants' motion to dismiss. The suggested dismissal would moot the Defendants' request for treatment of the dispositive motion as "confessed".

Count One of the complaint refers to cruel and unusual punishment. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Mar. 2, 2005). According to the Plaintiff, he has been unable to obtain pain medication that his brother had delivered to the jail on

---

[1] In deciding a Rule 12(b)(6) motion based on nonexhaustion, the Court can consider the attached administrative materials. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004).

December 28, 2004. *Id.* at p. 2. The denial of the medication allegedly constituted cruel and unusual punishment. *Id.* at p. 3.

Counts Two and Three involve embezzlement and forgery of documents, which allegedly reflect deliveries of medicine that had never taken place. *Id.* at pp. 2-4.

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). The prisoner must plead and prove satisfaction of the exhaustion requirement. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1209-11 (10th Cir. 2003), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004). When the prisoner fails to comply with this duty for even a single claim, the Court must ordinarily dismiss the entire action. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1188-90 (10th Cir. 2004).

The Plaintiff did not respond to the motion to dismiss. But in the complaint and response to the investigative report, Mr. Fiarris presents six arguments on the exhaustion issue. None of the arguments is persuasive.

First, the Plaintiff alleges that he had submitted complaints, but they went unanswered. Civil Rights Complaint Pursuant to 42 U.S.C. §1983 at p. 5 (Mar. 2, 2005). The Court should reject this allegation because the Plaintiff lacks any supporting evidence[2]

---

[2] *See Muhammad v. Calbone*, 2005 WL 3196754, Westlaw op. at 1, 3 (10th Cir. Nov. 30, 2005) (unpublished op.) (upholding dismissal of a Section 1983 action for failure to exhaust

and the administrative policy only requires a written response if the complaint is deemed valid.[3]

Second, Mr. Fiarris states that when he was booked into the detention center, he did not receive a copy of the inmate handbook. Main Document at p. 2 (Apr. 11, 2005). But he acknowledges that he has a copy of the handbook and submitted it in response to the undersheriff's investigative report. *Id.*[4]

Third, the Plaintiff argues that 42 U.S.C. § 1997e(a) "shall not apply to Plaintiff or any Inmate under incarceration if their rights has [sic] not been fully expressed to them at the time of being incarcerated." *Id.* at p. 3. This argument is invalid as a matter of law. *See Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270, 272-73 (10th Cir. Oct. 2, 2003) (unpublished op.) ("This court has previously rejected a prisoner's assertion that the government should have advised him of the need to follow prison administrative procedures." (citation omitted)).

---

administrative remedies based on the absence of evidence to support an allegation that the defendants had ignored and refused to address inmates' request and grievance forms). The Plaintiff submitted a copy of the November 29, 2004, complaint. Main Document, Exhibit 2 (Apr. 11, 2005). That copy reflects a response by jailers.

[3] Main Document, Exhibit 5 (Apr. 11, 2005) ("If complaint is valid, the complaint will be forwarded to the Sheriff for processing.").

[4] Mr. Fiarris complains that jail officials had made a handwritten note amending the handbook and that he was unaware of the change until the filing of the investigative report. Main Document at pp. 2-3 (Apr. 11, 2005). The Defendants submitted a copy of the handbook with a written notation stating: "Excessive property to be released after 72 hrs." Investigative Report, Exhibit 1 (Mar. 28, 2005). The notation does not relate to the administrative remedies available to Mr. Fiarris.

Fourth, the Plaintiff alleges that he had submitted "complaint forms on many occasions, including asking for his Lortabs . . . ." Main Document at pp. 3-4 (Apr. 11, 2005). In support, Mr. Fiarris points to his complaint dated November 29, 2004, which refers to three prior complaint forms. *Id*. at p. 4.[5] He does not identify the contents of the three prior forms. But they clearly do not refer to the actions alleged in the present action. This action arose from the Plaintiff's inability to obtain medication brought to the jail by his brother on December 28, 2004. *See supra* pp. 1-2. The November 29, 2004, complaint - along with any administrative requests referenced in that document - would have preceded the brother's delivery of the medication to the jail. *See Brock v. Ortiz*, 113 Fed. Appx. 303, 306 n.1 (10th Cir. Aug. 30, 2004) (unpublished op.) (holding that a grievance could not satisfy Section 1997e(a) because it had been filed prior to the injury alleged in the suit).

Fifth, Mr. Fiarris alleges that a jailer had said on March 28, 2005, that no one would be allowed a copy of the complaint forms. Main Document at p. 6 (Apr. 11, 2005). This allegation is immaterial and inconsistent with the record. Mr. Fiarris initiated the action by the filing of a complaint on March 2, 2005. The issue is whether complaint forms were available to Mr. Fiarris prior to the filing of the complaint on March 2, 2005. Thus, the Plaintiff's argument is immaterial to the exhaustion issue.

---

[5] Mr. Fiarris' copy of the complaint reflects dissatisfaction with the lack of hygiene packs, which is not among the claims asserted in the present action. Main Document, Exhibit 2 (Apr. 11, 2005).

The Plaintiff's argument is also incompatible with the record. On November 9, 2005, Undersheriff Buddy Thomas represented that grievance forms are delivered "as soon a [sic] practicable" to inmates whenever requested. Defendants' Special Report at p. 1 (Nov. 9, 2005). Jail administrators have submitted three complaint forms signed by Mr. Fiarris. Exhibits 1-3 (Nov. 9, 2005). One of these forms is dated approximately six months after the jailer had allegedly refused to furnish complaint forms. Defendants' Special Report, Exhibit 3 (Nov. 9, 2005). Thus, the record reflects the availability of forms for Mr. Fiarris.

Sixth, the Plaintiff states that he had submitted an "inmate request/complaint form" to obtain the medication that his brother had brought to the jail. Main Document at p. 8 (Apr. 11, 2005). This statement is insufficient for exhaustion because it is conclusory[6] and does not encompass the subject-matter of Counts Two and Three, which involve claims of forgery and embezzlement. *See supra* p. 2.

---

[6] Mr. Fiarris has not supplied any information about the alleged complaint or even disclosed whether it preceded the initiation of the present suit. *See Blay v. Reilly*, 2005 WL 2822458, Westlaw op. at 2 (10th Cir. Oct. 28, 2005) (unpublished op.) (rejecting a conclusory reference to exhaustion based on the prisoner's failure to supply details about the alleged grievance).

The failure to exhaust some or all of the claims requires dismissal of the entire action[7] without prejudice.[8]  This ruling would moot the Defendants' request for treatment of their motion to dismiss as "confessed".  As a result, that request should be stricken.

The parties can object to this report and recommendation.  To do so, one must file an objection with the Clerk of this Court.  The deadline for objections is January 4, 2006.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object would foreclose appellate review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral to the undersigned is terminated.

Upon affirmance or waiver of the right to appeal, the Court Clerk should docket the suggested dismissal as a "prior occasion" for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g) (2000).[9]

---

[7] *See supra* p. 2.

[8] *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) ("A dismissal based on lack of exhaustion . . . should ordinarily be without prejudice."), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004); *see also Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 & 1222-23 (10th Cir. 2001) (remanding with directions to dismiss the complaint without prejudice based on nonexhaustion of available administrative remedies).

[9] *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10th Cir. 2003) (stating that a dismissal for nonexhaustion "may constitute a strike for purposes of 28 U.S.C. § 1915(g)" (citation omitted)), *cert. denied*, __ U.S. __, 125 S. Ct. 344 (2004); *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("A district court dismissal under 28 U.S.C. § 1915(e)(2)(B) does not count as a strike until after the litigant has exhausted or waived his opportunity to appeal.").

Entered this 14th day of December, 2005.

_____
Robert E. Bacharach
United States Magistrate Judge